IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIGHAM J. BAILEY,**

    **Plaintiff,**

    v.                              **CASE NO. 17-3193-SAC**

**STATE OF KANSAS, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is a pretrial detainee at the Geary County Detention Center in Junction City, Kansas ("GCDC"). On November 6, 2017, the Court entered a Notice of Deficiency to Plaintiff, giving him until December 6, 2017, to re-submit his Complaint on court-approved forms pursuant to D. Kan. Rule 9.1(a). The Notice states that "[i]f you fail to comply within the prescribed time, the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order." (Doc. 4, at 1–2.) Even though Plaintiff is proceeding *pro se*, he is required to comply with court rules and the Federal Rules of Civil Procedure.

On December 1, 2017, Plaintiff filed a Motion for Request of Stay (Doc. 7). The motion acknowledges that Plaintiff has named improper defendants and improperly joined parties. Plaintiff seeks "an undetermined amount of time to investigate and obtain appropriate information for [his] case." (Doc. 7, at 2.) The Court denies Plaintiff's request for a stay, but the Court will grant Plaintiff additional time to file an amended complaint.

The Court will give Plaintiff the opportunity to file a complete and proper amended complaint upon court-approved forms. In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3193-SAC) at the top of the first page of his amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.

Plaintiff joins various unrelated claims in his Complaint, including allegations regarding: false affidavits signed by Grandview Plaza police officers on October 21 and 26, 2016; an interception of legal mail at the GCDC on January 25, 2017; a denial of medical care at the GCDC on April 27, 2017; GCDC staff falsifying a sleep study between March 15 to March 18, 2017; and the performance of his public defender in his state criminal proceeding.

Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint. FRCP Rule 20 governs permissive joinder of parties and pertinently provides:

(2) ***Defendants***. Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or

fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Request of Stay (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 28, 2018**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 2nd day of February, 2018.**

                                               **S/ Sam A. Crow**
                                               **Sam A. Crow**
                                               **U.S. Senior District Judge**