IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIGHAM J. BAILEY,

      Plaintiff,

      v.                          CASE NO.  17-3193-SAC

STATE OF KANSAS, et al.,

      Defendants.

MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE

This matter is before the Court for screening of Plaintiff's Amended Complaint.  On February 2, 2018, the Court entered an Order (Doc. 8) giving Plaintiff the opportunity to file a complete and proper amended complaint upon court-approved forms.  The Order noted that Plaintiff's original complaint joined various unrelated claims, including allegations regarding: false affidavits signed by Grandview Plaza police officers on October 21 and 26, 2016; an interception of legal mail at the Geary County Detention Center ("GCDC") on January 25, 2017; a denial of medical care at the GCDC on April 27, 2017; GCDC staff falsifying a sleep study between March 15 to March 18, 2017; and the performance of his public defender in his state criminal proceeding.  The Order cautioned Plaintiff that he must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.

Plaintiff responded by filing a Motion to Unjoin and Join Parties (Doc. 10) and an Amended Complaint (Doc. 11).  To the extent Plaintiff's motion to unjoin and join parties merely seeks to dismiss defendants that were named in his original complaint, and to add defendants named in his Amended Complaint, the motion is granted.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  At the time of filing, Plaintiff was a pretrial detainee at GCDC.  Plaintiff is currently incarcerated at the Norton Correctional Facility in Norton, Kansas ("NCF").

Plaintiff names as Defendants the State of Kansas; Shawn Peirano, Grandview Plaza Police Chief; Michael Rivera, Grandview Plaza Police Officer; Keaton Landry, Grandview Plaza Police Officer; Dan Breci, Junction City Police Chief; and Michelle Brown, Assistant Geary County Attorney.  Plaintiff sues the State of Kansas in its official capacity, and sues the remaining Defendants in their individual capacities.

Plaintiff's claims relate to his state court criminal proceeding for aggravated battery and knowingly causing great bodily harm or disfigurement, involving injuries to Plaintiff's infant child.  Plaintiff alleges that the defendant officers submitted perjurious and slanderous police reports in connections with his state criminal proceeding.  Plaintiff claims that defendants' statements in the police reports or Law Enforcement Affidavits include "multiple false and slanderous, and other malicious, cruel and degrading statements, including statements [they] are not qualified to make."  Plaintiff also claims the statements are "hypocritical and contradicting."

Plaintiff alleges that Defendants Peirano and Breci, as Chiefs of Police, and Defendant Rivera, as Police Captain, are liable as supervisors for failing to intervene to stop the actions of their respective officers.  Plaintiff alleges that police officers Landry and Brown personally participated in the violation of federal and state laws by making unlawful and unreasonably intrusive statements on their police reports.  Plaintiff alleges that Defendant Brown, Assistant Geary County Attorney, "made unlawful and unreasonably intrusive statements, and lacked

making reasonable statements to a judge."   Plaintiff alleges that Defendant Brown allowed false and perjurious police reports to be admitted into evidence; misrepresented the condition of the infant child at a bond hearing; and failed to make reasonably diligent efforts to comply with a discovery request.

Plaintiff brings Count I against the State of Kansas, citing Kan. Stat. Ann. § 22-2907 and stating that "[t]he State of Kansas does not enforce among the counties to adopt policies for a diversion program."  (Doc. 11, at 3.)  Plaintiff brings Count II against Defendants Peirano, Rivera and Landry, for slander, perjury, and violations of the Fourteenth Amendment and of paragraph II of the Kansas Bill of Rights.  Plaintiff brings Count III against Defendants Brown and Breci, for slander, perjury, violations of the Fifth and Fourteenth Amendments, and paragraph 1, 6, and 11 of the Kansas Bill of Rights.  Plaintiff brings Count IV against Defendant Brown for perjury and slander.  Plaintiff seeks to have this action certified as a class action, compensatory damages, punitive damages, and a declaratory judgment.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. *State of Kansas*

Plaintiff's Amended Complaint names the State of Kansas as defendant.  The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment.  The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity.  *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

To bring a § 1983 claim, a plaintiff must show a "deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*,

215 F.3d 1168, 1172 (10th Cir. 2000).  The State and its agencies are not "persons" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).  Plaintiff's request for money damages against the State of Kansas is subject to dismissal.

### 2. *Assistant County Attorney*

Plaintiff's claims against Defendant Brown fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against Defendant Brown should not be dismissed based on prosecutorial immunity.

### 3. *Supervisory Liability*

Plaintiff alleges that Defendants Peirano and Breci, as Chiefs of Police, and Defendant Rivera, as Police Captain, are liable as supervisors for failing to intervene to stop the actions of their respective officers.    Plaintiff has failed to allege any personal involvement in a constitutional violation by these defendants.  Plaintiff's claims require proof that a defendant personally committed a constitutional violation. *Keith v. Koerner*, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")).  It is not enough

that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights.  *Keith*, 843 F.3d at 838.

Plaintiff "must show an affirmative link between [a defendant] and the constitutional violation, which requires proof of three interrelated elements:  (1) personal involvement; (2) causation; and (3) state of mind."  *Id.* (internal quotation marks omitted) (citing *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614 F.3d at 1195)).  Because Plaintiff has failed to allege any personal involvement in a constitutional violation by Defendants Peirano, Breci and Rivera, his claims against them are subject to dismissal.

### 4.  *Younger Abstention*

The Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."  *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

It appears as though the first condition is met.  Plaintiff's state court criminal proceedings appear to be pending on appeal.  An online Kansas District Court Records Search indicates that

the case is currently on appeal.[1]   The second condition would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); s*ee Buck*, 244 F. App'x at 198.  "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

In responding to this Memorandum and Order and Order to Show Cause, Plaintiff should clarify whether or not state criminal proceedings are ongoing.  If Plaintiff has been convicted and

---

[1]  *See* 2016-CR-000894, Geary County, Kansas, filed October 21, 2016.

a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

Furthermore, state court records show that Plaintiff entered a guilty plea on December 15, 2017.  "[A]n accused who enters a voluntary plea of guilty waives any defects or irregularities occurring in any of the prior proceedings in district court."  *State v. Smith*, 409 P.3d 876, 2018 WL 559804, at *2 (Kan. Ct. App. 2018); *see also Osborn v. Shillinger*, 997 F.2d 1324, 1327 (10th Cir. 1993) (guilty plea bars subsequent challenges based on nonjurisdictional, pre-plea errors).

### 5. *State Law Claims*

Plaintiff alleges inappropriate and unreasonable conduct, and the use of cruel and degrading statements, which do not rise to the level of a constitutional violation.  Plaintiff also alleges slander and other violations of state law.  State law violations are not grounds for relief under § 1983.  "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if

valid, given that Plaintiff's federal constitutional claims are subject to dismissal.  *See* 28 U.S.C. § 1367(c)(3).

## IV.  Response Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein.  The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Unjoin and Join Parties (Doc. 10) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 18, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 20th day of April, 2018.**

**S/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**